UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,          Case No. 21-cr-20590

      Plaintiff,                    Hon. F. Kay Behm
v.                                 United States District Judge

BOBBY BOSEMAN,

      Defendant.
_____ /

## ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION AND TO WITHDRAW HIS PLEA
### (ECF Nos. 162, 163)

This matter is before the court on Defendant's motion to withdraw his plea, and for reconsideration of the court's order determining his guideline range. ECF Nos. 162, 163. Both motions followed the court's determination of Defendant's applicable guideline range for sentencing. For the reasons explained below, both motions are denied.

## I.    PROCEDURAL HISTORY

In February 2025, Boseman pleaded guilty to possession with intent to distribute cocaine and maintaining a drug premises. As part of that plea, he admitted to using, maintaining, and controlling his residence on Tebo Street as a drug premises for more than five months,

1

between on or about February 26, 2021, and August 3, 2021.  ECF No. 114, PageID.630.  He admitted to directing and leading others to use his residence as a drug premises.  *Id.*  He admitted that he maintained his residence as a place where drugs containing cocaine were sold and used.  *Id.*, PageID.629-630.  The PSR contained further details of Boseman's drug dealing activity.  For example, in February and March 2021, law enforcement conducted surveillance on Boseman's residence, observed multiple individuals enter and then exit the house within two minutes or less, conducted traffic stops on vehicles leaving the residence, spoke to individuals who reported purchasing drugs at the residence, and received multiple tips of drug activity at the residence.  ECF No. 124, PageID.749-50.

The Government objected to Defendant Boseman's Presentence Report (ECF No. 123), specifically as to the Probation Department's determination of Boseman's sentencing guidelines based on drug weight.  The court held an evidentiary hearing on September 25, 2025, at which a witness ("Witness-1") testified and counsel for both parties were present.  ECF No. 135. Witness-1 testified about the drug dealing run by Boseman at his residence on Tebo Street, including the

2

quantities of drugs being distributed from Boseman's residence and Boseman's knowledge and control over that drug distribution.  *See id.*

Counsel submitted supplemental briefing following the hearing. ECF Nos. 138, 139, 143.  The court sustained the Government's objections in part and overruled them in part, and calculated a combined amount of 1,849.68 kg of CDW arising from Boseman's drug sales or sales attributable to him as relevant conduct.  This resulted in guidelines of 235-293 months.  ECF No. 147.

In making that drug weight determination, the court relied in part on the testimony of Witness-1, who testified at the evidentiary hearing, and made specific factual findings as to Witness-1's credibility. Ultimately, the court found by the preponderance of the evidence that Witness-1's testimony, Boseman's plea agreement, and the unobjected facts in the PSR established that: 1) Witness-1 was familiar with Boseman's house on Tebo street, 2) Witness-1 regularly went to Boseman's house to buy or sell drugs, on average at least twice a week between June 1, 2021 to August 2, 2021, 3) that on each of those occasions, Witness-1 sold an average of half an ounce of crack cocaine, 4) that on each of those occasions, Witness-1 observed at least one other

person on average (whether Boseman himself or one of two other identified individuals) also selling an average of half an ounce of crack cocaine, and 5) that Boseman aided, abetted, or directed these individuals' conduct at Boseman's residence and/or these individuals' conduct was part of a jointly undertaken criminal activity with Boseman.

## II.   MOTION FOR RECONSIDERATION (ECF No. 162)

Under Eastern District of Michigan Local Rule 7.1(h)(2), a party may file a motion for reconsideration of a non-final order only if: (1) the court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision, (2) an intervening chang in controlling law warrants a different outcome, or (3) new facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.  E.D. Mich. L.R. 7.1(h)(2).  "Motions for reconsideration of non-final orders are disfavored." *Id.*  Absent a significant error that changes the outcome of a ruling on a motion, a party cannot relitigate factual issues already decided.  *See Maiberger v. City of Livonia*, 724 F. Supp. 2d 759,

780 (E.D. Mich. 2010).  To prevail on a motion for reconsideration, "[t]he movant shall not only demonstrate a palpable defect by which the court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof." *Draughn v. Caruso*, No. 10-CV-11143, 2010 WL 1751885, at *1 (E.D. Mich. Apr. 29, 2010).  A palpable defect is "a defect that is obvious, clear, unmistakable, manifest, or plain." *Id.*

The only basis that Defendant asserts in his motion for reconsideration of his guidelines calculation is that the court's decision to credit any part of Witness-1's testimony was a mistake, because in his view, Witness-1 was wholly incredible.

The drug quantity attributed to a defendant for sentencing guideline purposes is, and was, determined by the court under a preponderance-of-the-evidence standard.  *E.g.*, *United States v. Russell*, 595 F.3d 633, 646 (6th Cir. 2010).  Sitting as factfinder, the court assessed the credibility of Witness-1 and concluded that the evidence supported its conclusions.  In that role, the court was entitled to believe all, some, or none of any witness' testimony.  *United States v. Safiedine*, No. 06-20137, 2010 WL 4068073, at *7 (E.D. Mich. Oct. 18, 2010).

Boseman quibbles with various nuances in Witness-1's testimony in an attempt to paint him as wholly incredible.  The court devoted significant sections of its order to probing Witness-1's testimony and found Witness-1 not particularly credible in some areas, while finding him sufficiently credible in others.  *See* ECF No. 147, PageID.1128-32. Boseman's desire to substitute his own credibility determination for the court's does not amount to a "mistake" that is "obvious, clear, unmistakable, manifest, or plain."  His arguments that the relatively small amount of drugs actually recovered from his house is the only reliable evidence ignores that the court found portions of Witness-1's testimony to be sufficiently reliable, and that Witness-1's testimony is itself evidence.  As for his arguments that the math does not add up because only $741 was recovered from Boseman himself in August 2021, leaving (in his view) most of the drug proceeds unaccounted for, that logic does not work.  The court's findings were that Witness-1, and at least one other individual on average, regularly sold drugs in Boseman's house, either at Boseman's direction, with his aid, or as part of a joint criminal enterprise.  But that multiple individuals sold drugs in Boseman's house does not necessarily lead to the conclusion that

6

Boseman himself would be the sole recipient of all proceeds from those sales, so his current speculation about those dollar amounts does not show a mistake in the court's credibility determination.  Boseman's motion for reconsideration will therefore be denied.

## III.   WITHDRAWAL OF PLEA (ECF No. 163)

Relatedly, Boseman also moves to withdraw his plea.[1]  Boseman argues that his plea was not knowing and voluntary, because he alleges that did not understand that there would be, or could be, an evidentiary hearing with witness testimony that could affect his guideline range.

Federal Rule of Criminal Procedure 11 allows for withdrawal of a voluntarily entered guilty plea before sentencing if "the defendant can show a fair and just reason for requesting the withdrawal."  Fed. R. Crim. P. 11(d)(2)(B).  In weighing whether a defendant has articulated a "fair and just reason" for withdrawing a plea, the Sixth Circuit adheres to a multi-factor balancing test, assessing: (1) the amount of time that elapsed between the plea and the motion to withdraw; (2) the presence of a valid reason for failure to move earlier; (3) whether the defendant

---

[1] Boseman filed two prior motions to withdraw his plea, which were both stricken because he is represented by counsel and he is not entitled to proceed in a hybrid format.  *See* ECF Nos. 128, 145.

asserted or maintained innocence; (4) the circumstances underlying entry of the guilty plea; (5) the defendant's nature and background; (6) the defendant's degree of prior experience with the criminal justice system; and (7) potential prejudice to the government if the court granted the motion. *United States v. Haygood*, 549 F.3d 1049, 1052 (6th Cir. 2008); *United States v. Carson*, 32 F.4th 615, 623 (6th Cir. 2022). Rule 11(d) allows for a "hastily entered plea made with unsure heart and confused mind to be undone," but it does not permit a defendant "to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty." *United States v. Dixon*, 479 F.3d 431, 436 (6th Cir. 2007) (citation omitted). None of the factors support permitting Boseman to withdraw his plea.

Start with the first factor. At best—giving Boseman the benefit of the doubt that his *pro se* motions to withdraw his plea were not frivolous (presumably why his counsel did not file or adopt them)— nearly seven months (197 days) passed between the court's acceptance of his guilty plea and his first request to withdraw that plea. That length of time is well beyond periods the Sixth Circuit has affirmed as

8

too long.  *See United States v. Valdez*, 362 F.3d 903, 913 (6th Cir. 2004) (75 days); *United States v. Durham*, 178 F.3d 796, 799 (6th Cir. 1999) (77 days); *United States v. Baez*, 87 F.3d 805, 808 (6th Cir. 1996) (67 days); *United States v. Spencer*, 836 F.2d 236, 239 (6th Cir. 1987) (35 days)); *United States v. Carson*, 32 F.4th 615, 624 (6th Cir. 2022) (59 days).

As to the second factor, Boseman offers no reason in his motion, let alone a valid one, for failing to move for withdrawal earlier in the proceedings (again, here the court uses his first *pro se* motion in calculating the time elapsed).  The Rule 11 plea agreement and the plea colloquy demonstrate that Boseman understood that the parties did not agree on the drug weight, that each party could later offer arguments or evidence in support of its position, and that the court would ultimately determine the guideline range based on its own findings.  During the plea colloquy, the court asked Boseman specifically if he understood that the issue of the drug weight would continue to be litigated; he responded that he understood.  His later dissatisfaction with the outcome of that further litigation or claimed misunderstanding that

9

further litigation on the issue could occur is not a fair or just reason to allow him to withdraw his plea.

As to the third factor, Boseman is not asserting innocence. He asserts instead that he did not understand that evidence could be presented regarding the proper drug weight to determine his guidelines, and that the proper drug weight is less than what the court calculated. This factor does not weigh in his favor.

As to the fourth factor, there are no remarkable circumstances surrounding the entry of his plea or the determination of his guideline range. Boseman's plea agreement made clear that the guideline range would be calculated at a later date and that it would be determined by the court. It also makes clear that he could not later withdraw his plea "if he disagrees, in any way, with the guideline range determined by the Court[.]" ECF No. 114, PageID.634.

As to the fifth and sixth factors, despite having never completed high school, the circumstances of Boseman's current charges suggest a party capable of understanding the consequences of the decision to plead guilty. Boseman was 46 years old when he pled guilty and has

10

had sufficient contact with the criminal justice system over the course of his life to understand his rights and the process of pleading guilty.

As to the final factor, "the government is not required to establish prejudice that would result from a plea withdrawal, unless and until the defendant advances and establishes a fair and just reason for allowing the withdrawal." *United States v. Spencer*, 836 F.2d 236, 240 (6th Cir. 1987).  Boseman has not established any fair and just reason for withdrawing his plea, but in any event, the significant delay between his plea and this motion means that the government would be prejudiced in the prosecution of its case if the court were to permit him to withdraw his plea.

## IV.   CONCLUSION

Because Boseman has advanced no reason to think the court made a mistake requiring reconsideration of its guideline calculation, his motion for reconsideration (ECF No. 162) is **DENIED**.  And because he has failed to establish a fair and just reason to withdraw his guilty plea,

11

his motion to withdraw his plea (ECF No. 163) is also **DENIED**.

     **SO ORDERED**.

Date: April 10, 2026                <u>s/F. Kay Behm</u>
                                             F. Kay Behm
                                             United States District Judge